UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

VERSUS

LARRY W. KELLY, JR.                                    NO.: 15-00148-BAJ-EWD

RULING AND ORDER

Before the Court is a **Motion for New Trial (Doc. 48)** filed by Larry W. Kelly, Jr. (hereinafter, "Defendant"). The United States of America (hereinafter, "Government") has filed a response. (Doc. 55). For the following reasons, Defendant's motion is **DENIED**.

I. BACKGROUND

Rule 24(c) of the Federal Rules of Criminal Procedure requires district judges to discharge any alternate juror who has not replaced a regular juror "after the jury retires to consider its verdict." In this matter, the Court inadvertently failed to dismiss an alternate juror when the jury retired, and the parties did not alert the Court to its oversight. As a consequence, the alternate juror was permitted to deliberate for approximately thirty-four minutes[1] before the Court discovered its mistake and took corrective measures.

---

[1] Defendant asserts that the alternate juror was allowed to deliberate for approximately thirty minutes before the Court discovered its error. (Doc. 48-1 at p. 1). A review of the audio recording of the trial reveals that the jurors, including the alternate juror, retired at 2:48 p.m. with instructions not to begin deliberations until they received evidence introduced at trial. After conferring with the parties to mark exhibits, the Court went into recess at 2:55 p.m. at which time evidence was delivered to the jury. At 3:29 p.m., having recognized its own error, the Court ordered the courtroom security officer to remove the alternate juror and to tell the remaining jurors to discontinue deliberations. The jury returned to the courtroom to hear the curative instruction at 3:39 p.m.

1

Specifically, the Court immediately instructed the courtroom security officer to remove the alternate juror and to order the jury to stop deliberating. Trial Transcript, Volume II, 3-22-16, (hereinafter, "Tr.") 209:14—20. The alternate juror was then discharged outside the presence of the remaining jurors before the parties had a chance to return to the courtroom. Tr. at 205:1—207:20. Once the parties returned, the Court informed them of its error and of its intention to bring the jury back into the courtroom to give a curative instruction; counsel for Defendant objected to this course of action and moved for a mistrial without offering an alternative solution. Tr. at 207:22—209:20. The Court denied Defendant's motion and brought the jury back into the courtroom. Tr. at 209:5—11, 210:20—24.

After explaining its inadvertence to the jury, the Court gave the following instruction: "I now must instruct you to begin your deliberations anew. I do not know to what extent [the alternate juror] participated in your discussions or deliberations, but I specifically instruct you at this time that you should essentially wipe the slate clean and start anew with respect to your evaluation of the evidence and your discussion about the evidence. It is important that you do that at this point without, again, the input or involvement of anyone who is not a regular member of the jury. . . . . I hope that you all appreciate the importance of beginning fresh and hopefully you all will have no problem in doing so." Tr. at 211:1—212:5. The Court then addressed a question unrelated to the jury issue that was contained in a note given to the courtroom security officer when he removed the alternate juror. Tr. at 212:6—213:10.

2

After answering the question, the Court retired the jury by stating: "You are now free to return to the jury room to begin anew your deliberations." Tr. at 213:11—12.

Approximately an hour and a half later, the twelve-person jury returned a unanimous verdict of guilty. Tr. at 218:6—11. Immediately thereafter, at sidebar and in the presence of counsel, the Court polled each juror individually to determine if the verdict accurately reflected his or her vote.[2] Tr. at 218:12—240:21. To satisfy itself that the presence of the alternate juror during initial deliberations did not influence the verdict, the Court also asked each juror: 1) if he or she abided by the Court's instructions to begin deliberating anew; 2) if the verdict reached was a result solely of the deliberations of the jury once it was instructed to begin deliberations anew; and/or 3) if he or she considered any participation and/or comments by the alternate juror in arriving at the verdict. Tr. at 218:12—240:21. Counsel for both the Government and Defendant were afforded the opportunity to question the jurors further. Tr. at 216:21—217:7.

Upon questioning, each juror unequivocally stated that he or she abided by the Court's curative instruction and indicated that the verdict was rendered without regard to the alternate juror. Tr. at 218:12—240:21. Additionally, the jury foreperson

---

[2] The Court stated: "After we publish the jury's verdict, I will call each of the jurors to the bench individually and question them regarding the extent to which, if any, [the alternate juror's] presence in the jury room in any way affected their deliberations once they began their deliberations anew. So we'll make sure we have that clear on the record. If either side wishes me to ask additional questions or to handle that differently, I certainly am willing to consider that." Tr. at 214:23-215:9. The Court further stated: "I want to satisfy myself of—and I'm sure all of you—that [the jury] [was] not influenced by the presence of [the alternate juror] during the deliberations that resulted in the verdict." Tr. at 216:1—5. When Counsel for Defendant requested the opportunity to ask additional questions regarding the curative instruction, the Court responded "[a]bsolutely." Tr. at 216:21—217:7.

stated that the jury had not yet taken a vote on the verdict while the alternate juror was still present during deliberations. Tr. at 221:11—222:1. When a different juror was asked if he was able to follow the Court's curative instruction, he stated "[y]eah. Because I don't think [the alternate juror] stated anything anyway." Tr. at 239:14—21.

## II. DISCUSSION

In contrast to other circuits, the United States Court of Appeal for the Fifth Circuit has not adopted a *per se* rule that requires a mistrial for violations of Rule 24(c). *See U.S. v. Allison*, 481 F.2d 486, 471 (5th Cir. 1973); *see also U.S. v. Reed*, 790 F.2d 208 (2nd Cir. 1986); *cf. U.S. v. Virginia Erection Corp.*, 335 F.2d 868 (4th Cir. 1964) and *U.S. v. Beasley*, 464 F.2d 468 (10th Cir. 1972). Drawing on precedent of the former Fifth Circuit, the United States Court of Appeal for the Eleventh Circuit concluded in a factually similar case that a curative instruction removed the potential for prejudice that may have arisen from a nearly identical departure of Rule 24(c). *See U.S. v. Acevedo*, 141 F.3d 1421 (11th Cir. 1998).[3] The jury in *Acevedo* was given a "clean slate" instruction "to commence deliberations anew" *after* a verdict was rendered in which two alternate jurors were mistakenly allowed to participate in deliberations. *Id.* at 1422—23, 1426.

The Court finds that the reasoning employed in *Acevedo*—and its analysis of Fifth Circuit precedent—is persuasive and that its conclusion is particularly strengthened when one considers the presumption that jurors follow the Court's

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Id.* at n.4.

4

instructions. *Francis v. Franklin*, 471 U.S. 207, 324 n.9 (1985). Moreover, the Supreme Court has instructed that a deviation from Rule 24(c) does not require a mistrial unless it is "actually prejudicial" to the defendant. *U.S. v. Olano*, 507 U.S. 725, 740 (1993) (finding that "[o]n this record, we are not persuaded that the instant violation of Rule 24(c) *was actually prejudicial*") (emphasis added).

In light of the curative instruction offered by the Court, the jurors' unequivocal responses to the Court's post-verdict questions, the brief time the alternate was present in the jury room, and the overwhelming evidence presented at trial, the Court is convinced that there is no "reasonable possibility" that the alternate juror's presence during initial deliberations caused the jury to convict instead of acquit. *See Acevedo*, 141 F.3d at 1424, 1226—27 (citing *Allison*, 481 F.2d at 472). Put differently, the Court is satisfied that its failure to initially abide by Rule 24(c) did not prejudice Defendant and that its oversight was therefore harmless error. *Id.* at 1427.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for New Trial (Doc. 48)** is hereby **DENIED**.

Baton Rouge, Louisiana, this 3rd day of May, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**